**In re the Petition for DISCIPLINARY ACTION AGAINST Steven M. HANSON, an Attorney at Law of the State of Minnesota.**

No. C7–88–2331.

Supreme Court of Minnesota.

March 28, 1990.

### ORDER

The original petition of the Director of the Lawyers Professional Responsibility Board charging the Respondent with professional misconduct meriting public discipline was heard by a referee in January 1989 following which the referee filed with this court his findings of fact, conclusions of law and recommendations for discipline. Before the matter could be scheduled and heard by this court, the Director filed a supplementary petition alleging additional instances of professional misconduct by Respondent. Thereafter Respondent was temporarily suspended from the practice of law on September 15, 1989, pending the final outcome of these disciplinary proceedings. Subsequently, the Director filed a second supplementary petition against the Respondent. The same referee who had heard the first petition conducted the hearing on supplementary and second supplementary petitions after which he filed findings of fact, conclusions of law and recommendations with this court. The referee's ultimate recommendation was that the Respondent's suspension be continued. The Director now asserts additional allegations of professional misconduct not previously considered in either of the prior referee hearings. However, the Director and the Respondent have now also entered into a stipulation in which the latter has unconditionally admitted the additional misconduct and both the Director and the Respondent have now joined in recommending that appropriate discipline, as suggested by the referee, would be a continuation of Respondent's suspension until at least September 14, 1993, plus the payment of the costs and disbursements of these proceedings.

Included in the Director's petitions are eleven counts of alleged violations of one or more rules of professional misconduct, and the stipulation includes additional instances of omission to keep clients apprised of case status, and of Respondent's failure to inform clients of his suspension from the practice of law in September 1989.

Generally, in the petitions as well as in the stipulation, the misconduct ascribed to Respondent by the Director includes misappropriation of trust account moneys, repeated misrepresentations to opposing counsel, clients and the courts concerning different matters, omission and failure to maintain proper books and records of account, practicing law while suspended, failure to advise clients and opposing lawyers of the suspension, and neglect in keeping clients apprised of the status of matters being handled by him.

The court having now considered the petitions, the answers, the referee's two sets of findings, conclusions and recommenda-

tions, and, as well, the stipulation of the parties, NOW ORDERS:

1. That the Respondent, Steven M. Hanson, shall continue to be suspended from the practice of law pursuant to Rule 15, Rules on Lawyers Professional Responsibility, until September 14, 1993.

2. That the Respondent shall not be entitled to reinstatement after the suspension until he has furnished to this court proof of compliance with Rule 18, Rules on Lawyers Professional Responsibility.

3. That the Respondent shall pay to the Director the sum of $750 in costs and the sum of $2,494.89 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.